UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:20-cv-00150-JLS-SHK                                Date: April 08, 2020
Title: Nicole Perez v. Lowes Home Centers, LLC et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                         Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER (1) GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 9) AND (2) DENYING PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS (Doc. 12)**

This is a workplace discrimination and wrongful termination action originally filed by Plaintiff Nicole Perez in San Bernardino County Superior Court on April 30, 2019. (Compl., Doc. 3-3.) Lowes removed the action to this Court on January 22, 2020, within thirty days following service of Perez's Statement of Damages, asserting that an exercise of federal diversity jurisdiction is appropriate under 28 U.S.C. §§ 1332, 1441, 1446. (Notice of Removal ¶¶ 7-9, 25-28.)

Presently before the Court are two motions filed by Perez: (1) a Motion to Remand this action to San Bernardino County Superior Court (MTR, Doc. 9.), and (2) a Motion for Rule 11 Sanctions against Defendant Lowes Home Centers, LLC and its counsel, Davis Wright Tremaine (MFS, Doc. 12.). Lowes opposed both motions[1] and Perez replied. (MTR Opp., Doc. 15; MFS Opp., Doc. 16; MTR Reply, Doc. 19; MFS Reply, Doc. 20.) The Court finds these matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Accordingly, the hearing set for April 10, 2020, at 10:30 a.m., is VACATED. For the following reasons, the Court GRANTS Perez's Motion to Remand and DENIES her Motion for Rule 11 Sanctions. This action is REMANDED to San Bernardino County Superior Court, Case No. CIVDS1913115.

---

[1] Davis Wright Tremaine also filed a separate Opposition to the Motion for Rule 11 Sanctions. (MFS DWT Opp., Doc. 17.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:20-cv-00150-JLS-SHK            Date: April 08, 2020
Title: Nicole Perez v. Lowes Home Centers, LLC et al.

## I.     REMOVAL

A defendant may remove a case that was filed in state court to a federal court in the same district and division if the federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a)-(b); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or complete diversity between the parties, *see* 28 U.S.C. § 1332. A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states. *See* 28 U.S.C. § 1332(a).

Under 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty days of the defendant's receipt of the initial pleading, or, "if the case stated by the initial pleading is not removable," then the notice of removal must be filed within thirty days of the defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." In other words, "[S]ection 1446(b) identifies two thirty-day periods for removing a case." *Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 885 (9th Cir. 2010). "The first thirty-day removal period is triggered 'if the case stated by the initial pleading is removable on its face.'" *Id.* (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 694 (9th Cir. 2005)). "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained." *Id.* (internal quotation marks omitted). "If the notice of removal was untimely, a plaintiff may move to remand the case back to state court." *Id.*

Here, the question is when Lowes first received an "other paper from which it [could] be ascertained that the case is one which [was] removable." Lowes argues that Section 1446(b)'s second thirty-day removal window was not triggered until Perez served her Statement of Damages on December 23, 2019, asserting damages of $29 million and thereby indicating that the amount in controversy exceeds $75,000. (MTR Opp. at 12-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:20-cv-00150-JLS-SHK                                    Date: April 08, 2020
Title: Nicole Perez v. Lowes Home Centers, LLC et al.

20.) Perez disagrees and asserts that the second thirty-day clock began to tick upon Lowes' August 8, 2019 receipt of Perez's opening settlement demand of $2.2 million. (MTR at 7; Settlement Letter, Babaian Decl. Ex. D, Doc. 9-5.)

"While the term 'other paper' is not defined in the statute, courts within the Ninth Circuit have interpreted this term broadly." *Ali v. Setton Pistachio of Terra Bella, Inc.*, No. 1:19-CV-00959-LJO-BAM, 2019 WL 6112772, at *2 (E.D. Cal. Nov. 18, 2019). "A settlement letter [may be deemed an 'other paper' and] is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002); *see also Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007) ("We have no doubt that LensCrafters could have ascertained, upon receiving the Bruinsma [settlement] letter, that the case was removable.")

Lowes maintains the August 8, 2019 Settlement Letter was insufficient to make removability apparent principally because it was merely a "bold[,] optimistic prediction of Plaintiff's damages" (MTR Opp. at 15), was too vague and did not set forth exactly how Perez arrived at the $2,200,000 figure (*id*. at 16-18). However, the Settlement Letter included an explanation from Perez's counsel that Perez viewed Lowes' conduct as "beyond egregious" considering her wrongful termination "in the face of her serious medical condition." (Settlement Letter.) Moreover, the basis for the $2.2 million figure was obvious in light of the claims asserted and types of damages sought in the Complaint. (See Compl. ¶¶ 35-125; Notice of Removal ¶ 23.) Perez brings a variety of claims for discrimination, retaliation, wrongful termination, wage and hour violations, and the tortious infliction of emotional distress. (Compl. ¶¶ 35-125.) And the Complaint makes clear that she seeks, among other forms of damages, to recover economic and non-economic losses, compensatory damages, civil penalties, punitive damages, and attorneys' fees. (*See* Prayer for Relief, Compl. at 20.) Thus, the letter, read in the context of the Complaint, plainly indicated Plaintiff's reasonable estimate of the amount in controversy.

Indeed, Lowes' later reliance on a $29 million Statement of Damages undercuts its own argument as to the sufficiency of the Settlement Letter. If a $2.2 million demand was insufficiently supported by the allegations of the Complaint to constitute an "other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:20-cv-00150-JLS-SHK                              Date: April 08, 2020
Title: Nicole Perez v. Lowes Home Centers, LLC et al.

paper," it is inconceivable that a $29 million figure provides support for removal simply because it apportions damages into various categories. (*See* MTR Opp. at 12-14.)

The Court finds that on August 8, 2019, removability was clear; the Settlement Letter and its $2.2 million demand, viewed in conjunction with the Complaint, left no doubt that more than $75,000 is at issue. Accordingly, under 28 U.S.C. § 1446(b), Lowes had thirty days from the receipt of the Settlement Letter to timely remove the matter to federal court. Because it failed to remove the case within that period, remand is required. *See Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") As such, the Court GRANTS Perez's Motion to Remand.

## II.     Rule 11 Sanctions

Perez requests, under Rule 11, "sanctions and an award of fees and costs in the amount of $9,350" due to Lowes' removal based on the Statement of Damages. (MFS at 11-13.) She argues that the Notice of Removal's statement that prior to the Statement of Damages, Perez had provided no information to definitively establish the amount in controversy was "patently false and defiantly ignorant of the [the Settlement Letter] and related talks among counsel." (*Id*. at 12.)

Rule 11 sanctions are "an extraordinary remedy, [and] one to be exercised with extreme caution." *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). Conduct sanctionable under Rule 11 includes presenting to the court "claims, defenses, and other legal contentions . . . [not] warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]" Fed. R. Civ. P. 11(b)(2); *see also Holgate v. Baldwin*, 425 F.3d 671, 675-76 (9th Cir. 2005). Similarly, attorneys are subject to sanctions under Rule 11 when they (1) present anything to the Court "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[,]" or (2) submit "factual contentions [that] have [no] evidentiary support or . . . will [not] likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" Fed. R. Civ. P. 11(b)(1), (3). It is within the Court's discretion whether to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:20-cv-00150-JLS-SHK                                              Date: April 08, 2020
Title: Nicole Perez v. Lowes Home Centers, LLC et al.

impose an award of monetary sanctions pursuant to Rule 11. *See, e.g., Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 400 (1990) ("[I]n directing the district court to impose an 'appropriate' sanction, Rule 11 itself indicates that the district court is empowered to exercise its discretion."). A frivolous filing is one that is "*both* baseless and made without a reasonable and competent inquiry." *Holgate*, 425 F.3d at 676. Generally, "as long as there is some 'plausible basis,' even a weak one, for the arguments advanced, then Rule 11 sanctions are improper." *Padres Hacia Una Vida Mejor v. Jackson*, No. 1:11-cv-1094 AWI DLB, 2012 WL 6053946, at *1 (E.D. Cal. Dec. 5, 2012) (citing *United Nat'l Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1115 (9th Cir. 2001)).

      Upon review of the record in this case and the briefing on the Motions, the Court is unable to conclude that that the Notice of Removal was frivolous or presented for an improper purpose. While the Court finds Lowes' arguments unconvincing and concludes the remand is necessary, Lowes' assertion that the Statement of Damages was the first document containing information adequately suggesting removability is not "*both* baseless and made without a reasonable and competent inquiry." *See Holgate*, 425 F.3d at 676.

      Accordingly, the "extraordinary remedy" embodied by Rule 11 Sanctions is not warranted and the Court DENIES Perez's Motion for the same. *See McGill v. Pac. Bell Tel. Co.*, 139 F. Supp. 3d 1109, 1121 (C.D. Cal. 2015) (finding Rule 11 sanctions unwarranted despite concluding removal "ultimately lacked merit"); *see also Yagman v. Colello*, 307 F. App'x 115 (9th Cir. 2009).

### III.    <u>CONCLUSION</u>

      For the foregoing reasons, the Court GRANTS Perez's Motion to Remand and DENIES her Motion for Rule 11 Sanctions. This action is REMANDED to San Bernardino Superior County Court, Case No. CIVDS1913115.

                                                                                                       Initials of Preparer:  tg